This cause came on to be heard upon the petition for mandamus, the answer, the reply thereto and the depositions of relator and counsel, and was argued by counsel.
The relator, who received an injury while employed by a subscriber to the workmen's compensation fund, filed an application for compensation, was granted awards, the commission refused to allow further compensation and denied his right to continue to participate in the workmen's compensation fund, and relator filed an application for rehearing.
Shortly after filing his original application for compensation relator made application for an additional award because of the failure of the employer to comply with a specific requirement of an order adopted by the commission for the protection and safety of employees. The Industrial Commission found such violation, made an additional award of 50 per cent., denied an application by the employer for rehearing and ordered the additional award paid, and such additional *Page 122 
award was paid relator until further compensation was denied him, as stated hereinbefore.
Relator, after denial of his application for rehearing, appealed to the Common Pleas Court where a judgment entry was approved by counsel and was entered finding relator entitled to continue to participate for impairment of earning capacity in the sum of $15 a week for 60 weeks, and the judgment entry was certified to the Industrial Commission, which paid the relator $900, the full amount of the judgment entered by agreement in the Court of Common Pleas.
Thereafter relator applied for an additional award of 50 per cent. of the judgment which he received in the Court of Common Pleas, which additional award the Industrial Commission refused to grant.
The respondent contends that after issues were joined on appeal to the Common Pleas Court relator, his attorney, and a representative of the respondent, agreed to settle the entire claim for compensation from the State Insurance Fund for $900 as evidenced by the journal entry entered on appeal in the Common Pleas Court.
The relator denies entering into an agreement to settle the claim for violation of a specific requirement.
The issue of fact as to whether the $900 payment was a full and final settlement is raised by the pleadings, and the testimony in the depositions is conflicting, except upon the fact that the Judgment was entered by agreement of the parties or their counsel.
Mandamus will not lie unless the relator's right to the writ is clear (State, ex rel. McKee, Trustee, v. Cooper, Aud.,99 Ohio St. 258, 124 N.E. 192). The evidence before the court in the present proceeding does not disclose that the relator is entitled to the extraordinary and discretionary remedy which he seeks. *Page 123 
It is, therefore, ordered and adjudged that a writ of mandamus be, and the same hereby is, denied.
Writ denied.
WEYGANDT, C.J., STEPHENSON, WILLIAMS, JONES, MATTHIAS, DAY and ZIMMERMAN, JJ., concur.